UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF
CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND,
AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY
FUND et al.,
                        Petitioners,

-v-

SKYWORX CONTRACTING INC.,
                        Respondent.

19-CV-11638 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Petitioners, comprising the trustees of various employee benefit funds and the New York City District Council of Carpenters, bring this action against Respondent Skyworx Contracting Inc. under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a Collective Bargaining Agreement (the "CBA") and the Employee Retirement Income Security Act of 1974 (ERISA). For the reasons that follow, the petition is granted.

**I.      Background**

Petitioners are trustees of employee benefit plans and multiemployer plans within the meaning of ERISA. (Dkt. No. 1 ("Compl.") ¶ 4.) Their relationship with their employer, Skyworx Contracting, was governed by the CBA. (Compl. ¶ 18.)

The terms of the CBA required Skyworx Contracting, as an employer, to contribute periodically to the funds. (Compl. ¶ 19.) Following an audit for the period March 4, 2018, to February 24, 2019, Petitioners claimed that Skyworx Contracting had been deficient in making

1

its required contributions. They initiated an arbitration proceeding, seeking $2,663.67 in delinquent contributions. (Compl. ¶ 26.) At the proceeding, Arbitrator Roger E. Maher awarded $2,663.67 to Petitioners for the late payments and an additional $8,581.71 in costs and fees. (Compl. ¶ 29; *see also* Dkt. No. 1-11 at 2.)

On December 19, 2019, Petitioners filed this action. (Dkt. No. 1.) Skyworx Contracting was served on December 23, 2019. (Dkt. No. 8.) No appearance has been entered on Skyworx Contracting's behalf, however, and no response to the petition has been filed in the allotted time. Petitioners have now moved to deem the petition as unopposed. (Dkt. No. 9.)

## II. Discussion

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. "[T]he showing required to avoid summary confirmation of an arbitration award is high." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). A court may only deny a petition to confirm an arbitration award on a limited number of grounds, including "corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law." 9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

When a party has failed to appear and contest the motion to confirm arbitration, "the Court must still 'examin[e] the moving party's submission to determine if it has met its burden.'" *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting*

2

*Inc.*, 2015 WL 5146093, at *1 (S.D.N.Y. Aug. 31, 2015) (quoting *D.H. Blair & Co.*, 462 F.3d at 110). The petitioner's motion is "evaluated under the legal standard applicable to a motion for summary judgment." *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, there is no evidence of a genuine dispute as to any material fact, and Petitioners are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The CBA permits Petitioners to seek arbitration in the event of Skyworx Contracting's delinquency, and Arbitrator Maher did not exceed his authority. The Award reflects both the relevant CBA and the auditor's finding, and it exceeds the deferential standard. Given the record established by the Arbitrator's Award, and the fact that Skyworx Contracting has presented no evidence of corruption another other basis for vacatur, the petition is granted.

ERISA also permits an award of "reasonable" attorney's fees and costs to Petitioners, as Skyworx Contracting has failed to comply with the arbitrator's award or appear at these proceedings. 29 U.S.C. § 1132(g). *See, e.g.*, *Abondolo v. H. & M.S. Meat Corp.*, No. 7-CV-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."). Here, Petitioners request $2,053 in fees, reflecting 9.1 hours of work on the case, and $70 in costs. (Compl. ¶¶ 42–43.) The Court finds that Petitioners' request for attorney's fees and costs is reasonable in the circumstances.

**III.    Conclusion**

For the foregoing reasons, the petition to confirm the Arbitration Award is GRANTED, and the application for attorney's fees and costs is also GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $11,245.38 plus statutory interest, as well as an additional amount of $2,133 in attorney's fees and costs for the present petition. The Clerk is further directed to close this case.

Petitioners are directed to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: February 14, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge